UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SCOTT KILIAN, STEVEN RALSTON, and NATHAN HOPKINS, | ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) ) |
| TAMARA FORD, ET AL., | ) ) |
| Defendants. | ) ) |

No. 18-1112-JDT-cgc

ORDER TO MODIFY THE DOCKET, SEVERING PLAINTIFFS' CASES,
GRANTING PLAINTIFF KILIAN'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND
ASSESSING FILING FEE IN ACCORDANCE WITH PLRA

This action pursuant to 42 U.S.C. § 1983 was filed jointly by three prisoner Plaintiffs acting *pro se*: Scott Kilian,[1] prisoner number 576437, Steven Ralston and Nathan Hopkins. (ECF No. 1.) Plaintiffs are currently incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee. All three of the Plaintiffs have signed the complaint, and each has filed a motion to proceed *in forma pauperis*. (ECF Nos. 2, 3 & 4).

It is not practicable for multiple *pro se* inmates to litigate their claims in a single action, even if their claims are similar. Therefore, the Court hereby SEVERS the claims of Plaintiffs Ralston and Hopkins. The Clerk is DIRECTED to open new civil actions for Plaintiffs Ralston

---

[1] Plaintiff Kilian's first name is spelled "Scot" in the heading and body of the complaint and in the heading of his *in forma pauperis* affidavit. (ECF No. 1 at 1-2; ECF No. 2 at 1.) However, Kilian signed both documents as "Scott" Kilian." (ECF No. 1 at 6; ECF No. 2 at 2.) His first name also is spelled "Scott" on the print-out of his trust account statement. (ECF No. 2-1.) Therefore, the Clerk is directed to MODIFY the docket to reflect the correct spelling of Plaintiff Kilian's first name.

and Hopkins and to docket in each new action copies of the complaint, the applicable motion for leave to proceed *in forma pauperis*, and this order. The present case will proceed with Scott Kilian as the sole Plaintiff.

Fee Assessment for Plaintiff Kilian

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, Plaintiff Kilian has properly submitted an *in forma pauperis* affidavit and a copy of his trust account statement as required by 28 U.S.C. § 1915(a)(2). Therefore, Kilian's motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Plaintiff Kilian is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff Kilian's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall submit to the Clerk monthly payments equal to twenty percent (20%) of the deposits

---

[2] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The schedule of fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply if a plaintiff is granted leave to proceed *in forma pauperis*.

credited to Plaintiff Kilian's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 civil filing fee is paid. *Id.* § 1915(b)(2).

Each time the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and account statements should be sent to:

> Clerk, United States District Court, Western District of Tennessee,
> 111 S. Highland Ave., Rm. 262, Jackson, TN 38301

and shall clearly identify the Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff Kilian is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, up to and including dismissal of this case, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Plaintiff's prison. The Clerk is further directed to forward a copy of this order to the Warden of the WCF to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE